### DELGÁDO v. CABASSA.

### Appeal from the District Court of Mayaguez.

No. 88.—Decided January 26, 1906.

GUARDIAN—INSTITUTION OF SUIT IN THE NAME OF THE MINOR—DEMURRER.—The guardian must be authorized by a competent court in order to sue in the name of minors under his guardianship, and the absence of such authorization constitutes a lack of legal capacity to sue, which objection may be raised by demurrer.

ID.—Section 56 of the Code of Civil Procedure and section 76 of the Act of March 9, 1905, establishing special legal proceedings, do not by their provisions eliminate the necessity for judicial authorization to sue in the cases expressly enumerated in section 282 of the Civil Code.


The facts are stated in the opinion.

Mr. *Vázquez* for appellant.

Mr. *Arnaldo* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 30th of last year Clotilde Delgádo, as the guardian of the minors, Diego, Carmen, María Teresa, and José

Ma. García y Mangual, and Rosario and Margarita García, brought an action in the District Court of Mayaguez against Leopoldo Cabassa and Antonia Cabassa and their minor children, Jorge, Zulma, Oscar and Consuelo García. In their complaint the plaintiffs prayed:

1. That the answer made by Attorney Juan Quintero on behalf of the minors Diego, Carmen, María Teresa, and José María García, to the complaint filed by Leopoldo Cabassa against the Estate of Diego García Saint Laurent, for the recovery of $2,178.09, be anulled; and also all the other proceedings in said action, including the sale made by Marshal Enrique Rossy, to Leopoldo Cabassa, on April 3d and 4th of the said year; or that the order of February 16th of the preceding year declaring final the judgment rendered in said action on December 16, 1904, be set aside, and that all the other proceedings had in said action be also annulled, including the sales made by Marshal Rossy to Leopoldo Cabassa on the said 3d and 4th of April; or that the said sales be annulled on the ground that they were held as the result of proceedings which are null and void.

2. That the deed executed in the city of Mayaguez by Marshal Enrique Rossy to Leopoldo Cabassa, before Notary Riera Palmer, on the 11th of said month of April, involving the sale of part of the property sold at public auction, be declared void.

3. That Leopoldo Cabassa be adjudged to restore to the Estate of Diego García Saint Laurent all the property which he had acquired at the public sale on the said 3d and 4th of April under the execution of the judgment rendered in the action referred to; and in the event of such restitution being impossible, that he be adjudged to pay the value thereof, and the costs.

Leopoldo Cabassa demurred to the complaint on the ground that the plaintiff, Clotilde Delgado, was without legal capacity to sue as the guardian of the minors mentioned, as she had not obtained from the district court of competent

jurisdiction the necessary authority for the purpose, as appears from the complaint itself; and after Clotilde Delgádo had established her character of guardian, the Mayaguez court, by decision of August 11th last, sustained the demurrer, with the costs against the plaintiffs.

Counsel for the plaintiff guardian took an appeal from this decision to this Supreme Court, alleging in his brief the following legal grounds in support of the appeal:

1. That subdivision 2 of section 105 of the Code of Civil Procedure is not applicable to this case, because the lack of judicial authority, when necessary, is not a lack of legal capacity.

2. That in this case a motion for a new trial is not involved, but simply the continuation of the action brought by Leopoldo Cabassa against the minors represented by Clotilde Delgádo, and the other members of the Estate of García Saint Laurent.

3. That a guardian does not require authority to bring actions in behalf of his wards, in accordance with the provisions of sections 56, 59, and 60 of the Code of Civil Procedure.

4. That a guardian who has furnished bond, as Clotilde Delgado has, does not require the authority of the court to act in any matter relating to the interests and defense of the minor or incapacitated person, because such authority is necessary only according to section 76 of the act relating to special legal proceedings, approved by the Legislative Assembly on March 9th last, when the guardian has not furnished bond.

As will be observed, the legal question involved in this appeal is confined to whether the guardian Clotilde Delgádo requires authority to sue in the name of the minors she represents, and whether, consequently, the demurrer filed on the ground of lack of legal capacity should have been sustained by the District Court of Mayaguez.

Section 282 of the Civil Code in force enumerates a number of cases in which a guardian requires authorization from

a court of competent jurisdiction, among them being the following which is transcribed literally:

"To bring suit in the names of those under tutorship and maintain all lawful appeals when they lie from judgments rendered them. Complaints and remedies in verbal hearings are excepted."

This provision applies to Clotilde Delgádo, because she has brought an action on behalf of minors subject to her tutorship, for the purpose of obtaining the annulment of proceedings in which said minors were defeated, and as she has not obtained the judicial authorization necessary to bring the action, it is evident that she has not the legal capacity to sue as the guardian of the minors, García Mangual, on account of the fact that a necessary requisite to that legal capacity was lacking, which is the authorization of a district court of competent jurisdiction.

The exception of lack of legal capacity to sue constitutes one of the grounds for a demurrer enumerated in section 105 of the Code of Civil Procedure.

It is not a question in this case, as alleged by the plaintiff, of the continuation of the action brought by Leopoldo Cabassa against the members of the Estate of García Saint Laurent, but to obtain the annulment of such action by a new one commenced by the complaint filed.

Sections 56, 59, and 60 of the Code of Civil Procedure cited by the plaintiff, as a perusal thereof will reveal, do not contradict the provisions of section 282 of the Civil Code transcribed, as the first one refers to the appearance in court of an infant, an insane or an incompetent person, through his general guardian or a guardian *ad litem* appointed for the purpose, without the necessity of the judicial authorization to sue being excluded; the other two sections relate to action for seduction or injury, which are not involved in this case, and it is therefore unnecessary to discuss whether a guardian does or does not require judicial authorization to bring a civil action on behalf of a minor for seduction or injury.

Section 76 of the act relating to special legal proceedings, approved March 9, 1905, provides that any guardian may be authorized by the court to represent a minor or incompetent person without furnishing bond, in all acts in which his intervention may be necessary; but it does not relieve him of the necessity of the authorization of the district court of competent jurisdiction in the cases specified in section 282 of the Civil Code.

For the reasons stated, we are of opinion that the District Court of Mayaguez acted in accordance with the law in rendering the decision appealed from, and that it should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary, and Wolf concurred.